IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAURICE JACKSON, # R-31861,              )
                                         )
                    Plaintiff,           )
                                         )
vs.                                      )   Case No. 12-cv-961-JPG
                                         )
JAMIE WELBORN, SARAH DILLMAN,            )
LISA GALES, C/O HOFFMAN, & SGT.          )
HASEMEYER,                               )
                                         )
                    Defendants.          )

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

This § 1983 civil rights claim stems from allegations that Defendants Welborn, Dillman, Gales, Hoffman and Hasemeyer interfered with Plaintiff's incoming and outgoing mail, in violation of the First Amendment. On August 28, 2012, this case was severed from the unwieldy complaint in Case No. 12-cv-0233-MJR-SCW (Doc. 2 in the instant case). *Jackson v. Hoffman*, **No. 12-cv-0233-MJR-SCW, 2012 WL 3744786 (S.D. Ill. Aug. 28, 2012).** Judge Reagan, relying on the Seventh Circuit's decision in *George v. Smith*, noted that the claims here (and another claim that now forms the basis of Case No. 12-cv-960, where three defendants allegedly acted with deliberate indifference to Plaintiff's need for blood pressure medication) were unrelated to the core facts in the original case, which includes allegations of a severe beating and its aftermath. *Id.* **(citing *George v. Smith*, 507 F.3d 603 (7th Cir. 2007)).** Now before the Court are Plaintiff Maurice Jackson's motions for leave to proceed *in forma pauperis* (Doc. 3 and Doc. 7). Upon an examination of the controlling law, it appears that there is no reason to consider the motions, since no filing fees should be assessed against Mr. Jackson in this case.

1

The Seventh Circuit has acknowledged the need to cleave large, hard-to-manage prisoner complaints into separate lawsuits. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012); *George*, 507 F.3d 603, 606–07 (7th Cir. 2007). *Accord Santiago v. Anderson*, No. 11-1230, 2012 WL 3164293, at *1 (7th Cir. Aug. 6, 2012) (a complaint described as "the archetype of unwieldy prisoner litigation that should be met either by dismissing improperly joined defendants or carving the case into separate lawsuits."). The caselaw recognizes the general proposition that the Rules of Civil Procedure apply to prisoner lawsuits. *See George*, 507 F.3d at 607. More specifically, "a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and Claim #2 against Defendant B, only if both claims arise out of the same transaction, occurrence, or series of transactions or occurrences," per Rule 20(a)(1)(A). *Wheeler*, 689 F.3d at 684.

This is not a case where "unrelated claims against different defendants" led to severance. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2010). Plaintiff's original complaint included unrelated claims, but those claims were brought against groups of overlapping defendants. One defendant here—Hoffman—was also named in the claims surrounding the alleged beating of Plaintiff, and is still a defendant in the original action. The case was not severed because Plaintiff violated Rule 18 (which permits a plaintiff to join as many independent claims as it has against a party) or Rule 20 (which allows joinder of all defendants relating to the same transaction, occurrence, or series of transactions or occurrences). Rather, the case was severed pursuant to Court's broad discretion under Rule 21 in order to promote judicial efficiency. *See Owens*, 635 F.3d at 952. Since severance is the creation of "multiple docket numbers for the action already on filing"—not dismissal and re-filing—the Plaintiff should not be required to pay filing fees in the instant case. *Lee v. Cook Cnty.*, 635 F.3d 969, 971 (7th Cir. 2011). *See id.* (citing FED. R. CIV.

2

P. 20(b), FED. R. CIV. P. 21) ("If other issues predominate over the common question, the district judge is entitled to sever the suit or order separate trials.").

Plaintiff Jackson's motions to proceed *in forma pauperis* (**Doc. 3** and **Doc. 7**) are therefore **MOOT**. **NO FILING FEES SHALL BE ASSESSED AGAINST MR. JACKSON IN THE INSTANT CASE.**

All that remains in order for Plaintiff's claims to receive further consideration is for service to be made on the Defendants, and referral of the matter to a United States Magistrate Judge.

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendants **JAMIE WELBORN, SARAH DILLMAN, LISA GALES, C/O HOFFMAN, and SGT. HASEMEYER** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, a copy of the Memorandum and Order at Doc. 1, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is

entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* was granted in the originating case (Case No. 12-cv-233), and that no filing fee is due in the instant case. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence the originating civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   November 1, 2012**

*J. Phil Gilbert*
**United States District Judge**