**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

MAURICE JACKSON,                          )
                                          )
              **Plaintiff,**           )
                                          )
         **vs.**                   )     **Case No.  3:12-cv-00961-JPG-PMF**
                                          )
JAMIE WELBORN, *et al.*,                  )
                                          )
            **Defendants.**          )

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Plaintiff Maurice Jackson's motion for a preliminary injunction (Doc. 14) and the Defendants' response (Doc. 29) thereto.

Jackson is presently incarcerated at Menard Correctional Center ("Menard"), a prison under the authority of the Illinois Department of Corrections ("IDOC").  This case was created August 27, 2012, when it was severed from *Jackson v. Hoffman*, No. 12-cv-233-MJR (S.D.Ill. 2012). *See* Doc. 1.  In the order creating this case, the Court concluded that Jackson stated a claim based on the relevant allegations of this case in that "two mailroom supervisors, the assistant warden in charge of the mailroom, and several correctional officers interfered with his incoming and outgoing mail (in violation of the First Amendment)." *See id*. at 2, 4 (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) as a case involving a First Amendment mail interference claim).  The First Amendment claim for intentional interference with Jackson's mail is the only claim in this case. *See id*.

The relevant allegations of this case in the complaint describe problems with incoming and outgoing mail for period beginning in 2006 until present day. *See* Doc. 2 at 9-12.  Jackson

goes into great detail describing his problems, filling three pages of the complaint. See *id*.  The actual substance of the First Amendment claim in this case, however, is concentrated in one paragraph that reads as follows:

> On February 28, 2012, when counselor Susan Hill made a mistake, and called plaintiff for an attorney call, when going back to his cell, plaintiff was seized by C/O Hoffman, and approached by Sgt. Hasemeyer, who stated, "The little mail you sending to the clerks office, to expose what's going on, is being trashed," and that, "He will do everything in his power to destroy plaintiff's life, criminal case, and mail."

*See id*. at 12 ¶ 7.  Additionally, Defendants Sarah Dillman, and Lisa Gales appear to be included in this case because they have positions of authority over the mail system at Menard. *See id*. at 2. Finally, it appears Defendant Jamie Wellborn was included in this case because she conspired with Dillman and Gales to prevent Jackson's mail from being sent out. *See id*. at 3.

On December 12, 2012, Jackson filed the instant (Doc. 14) motion for injunctive relief. The motion begins with a conclusory statement that an injunction is necessary to "correct an on-going retaliation, and otherwise a campaign of harassment initiated by defendant Jamie Welborn against plaintiff." *See* Doc. 14 at 1.  The remainder of the motion is devoid of any other mention of Defendant Welborn or any other Defendant. *See id*. at 1-8.  Jackson states that injunctive relief is needed because money was taken from his trust account after the tactical "orange crush" team at Menard destroyed his glasses in a shakedown. *See id*. at 3.  In order to get the glasses replaced, Jackson says he was forced to sign a voucher form for new glasses by someone named "Christine," who is not a Defendant in this case. *See id*.  Jackson believes this money was unjustly taken because it was not his fault that the glasses were broken. *See id*.  He does not explain how any Defendants are connected to this problem, or how having money taken from his trust account is connected to the allegations in this case concerning interference with incoming and outgoing mail.

"The purpose of preliminary injunctive relief is 'to minimize the hardship to the parties pending the ultimate resolution of the lawsuit.' " *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc*., 149 F.3d 722, 726 (7th Cir. 1998) (quoting *Faheem–El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988)).  "In this circuit, the standards for a TRO and a preliminary injunction are functionally identical." *Crue v. Aiken*, 137 F. Supp. 2d 1076, 1082-83 (C.D. Ill. 2001) (citation omitted).  "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004) (citing *Erickson v. Trinity Theatre, Inc*., 13 F.3d 1061, 1067 (7th Cir.1994)).

Jackson's (Doc. 14) motion for a preliminary injunction should be denied because he will be unable to demonstrate any of the required elements for injunctive relief.  This is due to the fact that the complained-of problem in the (Doc. 14) motion is wholly unrelated to his First Amendment claim for mail interference.  The U.S. Supreme Court has recognized that claims of interference with incoming and outgoing mail, such as the only claim in this case, are covered by the First Amendment because they concern "the potential for interference with a prisoner's right of access to the courts." *Rowe*, 196 F.3d at 782 (citing *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)).  The substance of Jackson's (Doc. 14) motion, however, is a concern related to the perceived wrongful taking of money from his trust fund account.  While Jackson periodically mentions unjustified takings of money from his trust fund in his complaint, these allegations are not the subject of this case. *See* Doc. 1.  Indeed, District Courts routinely dismisses the type of property claims of which Jackson has complained because they don't

implicate a constitutionally protected property interest and there are adequate state-law remedies available. *See, e.g., Harris v. Ryker*, No. 11-CV-133-JPG, 2011 WL 5244682 (S.D. Ill. Nov. 2, 2011); *Hall v. Pautler*, No. 10-766-GPM, 2011 WL 663553 (S.D. Ill. Feb. 12, 2011); *Snipes v. Witthrop*, No. 05-909-WDS, 2007 WL 2229012 (S.D. Ill. Aug. 2, 2007).  In the end, the problems identified by the (Doc. 14) motion for injunctive relief are inapposite to the concern of interference with a prisoner's right of access to the courts, which is the sole concern of this lawsuit.  That being the case, Jackson will be unable to demonstrate an ongoing violation of federal law necessitating injunctive relief based on the issues raised by the (Doc. 14) motion for injunctive relief.  The motion should be denied as moot.

The undersigned concludes by noting that while hearing is generally required on motion for preliminary injunction (*see* FED. R. CIV. P. 65(a)), it is not required in all cases. *See People of State of Ill. ex rel. Hartigan v. Peters*, 871 F.2d 1336, 1342 (7th Cir. 1989) (providing that the District Court has discretion as to whether or not to hold an evidentiary hearing on a preliminary injunction).  *See also Drywall Tapers & Pointers of Greater New York, Local 1974 of I.B.P.A.T., AFL-CIO v. Local 530 of Operative Plasterers & Cement Masons Int'l Ass'n*, 954 F.2d 69, 76 (2d Cir. 1992); *Aoude v. Mobil Oil Corp.*, 862 F.2d 890, 893 (1st Cir. 1988) (providing that an evidentiary hearing is not indispensable requirement where issues of fact are not disputed); *Commerce Park at DFW Freeport v. Mardian Const. Co.*, 729 F.2d 334, 341 (5th Cir. 1984) (indicating that an evidentiary hearing pursuant to Rule 65(a) is only necessary when there are disputed factual issues concerning the proposed relief).  Here, it is being recommended that the (Doc. 14) motion for a preliminary injunction be denied as moot because the issues presented by the motion are unrelated to this case.  Accordingly, there are no issues of fact in need of resolution by way of an evidentiary hearing.

<u>CONCLUSION AND RECOMMENDATION</u>

For the forgoing reasons, it is recommended that Jackson's motion for a preliminary injunction (Doc. 14) be denied as moot.

**SO RECOMMENDED.**

**DATED: March 6, 2013.**

<u>*s/ Philip M. Frazier*</u>
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**