IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MAURICE JACKSON,

        Plaintiff,

vs.

JAMIE WELBORN, SARAH DILLMAN,
LISA GALES, C/O HOFFMAN and SGT.
HASEMEYER,

        Defendants.

Case No. 12-cv-961-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 49) of Magistrate Judge Philip M. Frazier recommending this Court deny Jackson's motion for injunctive relief (Doc. 42) against defendants Jamie Welborn, Sarah Dillman, Lisa Gales, C/O Hoffman, and Sgt. Hasemeyer (collectively "Defendants"). For the following reasons, the Court adopts the R & R and denies Jackson's motion for injunctive relief.

1. **R & R Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because Jackson filed an objection to the R & R, the Court will undertake a *de novo* review.

**2. Background**

Jackson, an inmate in the custody of the Illinois Department of Corrections (IDOC), is currently incarcerated at Menard Correctional Center ("Menard"). Jackson alleges that Defendants interfered with his mail in violation of his First Amendment rights. Jackson filed the instant motion for injunctive relief asking the Court to enjoin Defendants from interfering with his incoming and outgoing mail.

Jackson explains specific instances which he believes provide evidence that Defendants interfered with his mail. On January 2, 2013, Jackson sent two letters to two corporations, Organo Gold and Stratford Career Institute. The attached "Offender Authorization for Payment" shows that Menard officials only charged Jackson postage for one letter in the amount of forty-six cents. Because Menard officials never returned a letter to Jackson, he concludes that Menard officials destroyed one of his letters to either Organo Gold or Stratford Career Institute. On February 5, 2013, Jackson sent mail to the Seventh Circuit Court of Appeals and Stratford Career Institute. Jackson attaches an "Offender Authorization for Payment" showing a charge for only the legal mail from which Jackson concludes that Menard officials destroyed his letter to Stratford Career Institute. On March 30, 2013, Jackson again mailed two letters, one to Stratford Career Institute and one to his uncle. Again, the "Offender Authorization for Payment" showed only a charge for the postage of one letter, and Jackson concludes Menard officials destroyed the letter to Jackson's uncle. Jackson also attaches a letter from his uncle in which the uncle writes that he never received a response from Jackson. The Court will now consider whether Jackson is entitled to injunctive relief.

3. Analysis

A court may order injunctive relief in a civil action regarding prison conditions. 18 U.S.C. § 3626(a)(2).

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

*Id*. Preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortgage Corp. v. Platinum Fin. Group Inc*., 149 F.3d 722, 726 (7th Cir. 1998). A party seeking a preliminary injunction must make a threshold showing that (1) it has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) it will suffer irreparable harm if the injunction is not granted. *Ferrell v. United States Dep't of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999). If the moving party is able to establish these three factors, the Court must then balance the harms to both parties using a "sliding scale" analysis, also taking into consideration the effect that granting or denying the injunction will have on the public. *Id*. "[T]he greater the moving party's likelihood of prevailing on the merits, the less strongly it must show that the balance of harms weighs in its favor." *Id*. "A preliminary injunction is an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)); *accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Magistrate Judge Frazier's R & R recommends that this Court deny Jackson's motion for injunctive relief because Jackson fails to establish a likelihood of success on the merits.

Specifically, the R & R concludes that Jackson provides insufficient evidence to establish that Defendants interfered with Jackson's mail.  Further, the R & R concludes that monetary damages provide an adequate remedy in this case and Jackson will not suffer irreparable harm if the injunction is not granted.  Jackson objected to the R & R, reiterating that his uncle's letter provided sufficient evidence that his mail was destroyed.

First, the Court will consider whether Jackson has carried his burden in establishing he has some likelihood of success on the merits.  Prisoners have a First Amendment right to send and receive mail.  *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (citing *Thornburgh v. Abbott*, 290 U.S. 401 (1989)).  Prison practices that impact a prisoner's non-legal mail "must be 'reasonably related to legitimate penological interests.'"  *Rowe*, 196 F.3d at 782 (quoting *Thornburgh*, 290 U.S. at 409).

Jackson provides no evidence that someone destroyed his letters.  In the event the letters were destroyed, Jackson provides no evidence that the individual defendants were involved in the destruction of his mail.  In the three instances of destroyed mail to which Jackson cites, he merely presumes that one of his letters was destroyed because he was only charged forty-six cents in postage.  He provides no evidence, such as a statement from one of the intended recipients, that the addressee never received one of the specific letters allegedly destroyed.  Further, the fact that Jackson's uncle did not receive a letter from Jackson in response to one card sent to Jackson does not lead to the conclusion that the Menard employees named in this complaint destroyed Jackson's letter.  The letter could have been lost in the mail or simply lost by Jackson's uncle.  For these reasons, Jackson has failed to carry his burden in establishing some likelihood of success on the merits.  Because Jackson has failed to satisfy one of the requisite elements, the Court must deny Jackson's motion for injunctive relief.

4. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Doc. 49) and **DENIES** Jackson's motion for injunctive relief (Doc. 42).

**IT IS SO ORDERED.**

**DATED:** September 4, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
